John F. EARVIN, Plaintiff–Appellant,

v.

CITY UNIVERSITY OF NEW YORK,
Defendant–Appellee.

No. 08–0780–cv.

United States Court of Appeals,
Second Circuit.

March 17, 2009.

Noah Kinigstein, New York, NY, for Appellant.

Marta Ross, (Michael A. Cardozo, Corporation Counsel of the City of New York, Edward F.X. Hart, Robert J. Anderson, of counsel), New York, NY, for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN and Hon. ROBERT D. SACK, Circuit Judges, Hon. PAUL A. CROTTY,* District Judge.

## SUMMARY ORDER

John Earvin, a fifty-seven year old African–American male, appeals from a summary judgment for the defendant City University of New York ("CUNY"), in his suit for discrimination on the basis of race, color, and age pursuant to Title VII, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, and under New York State and City Human Rights Law, N.Y. Exec. Law § 296; N.Y. City Admin. § 8–107, and for violation of his rights pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985. Earvin brought suit against CUNY based on the fact that it hired a younger, non-

* The Honorable Paul A. Crotty, United States District Judge for the Southern District of New York, sitting by designation.

African–American male, instead of him, for a position with CUNY. We assume the parties' familiarity with the facts and procedural history of this case, and the issues presented on this appeal.

While the district court did not specifically address the New York State law or New York City law claims, because they are governed—for purposes of the instant case, at least—by the same law governing federal claims, we view the judgment as having effectively been granted with respect to those claims. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 n. 1 (2d Cir.2000); *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1177 (2d Cir.1996).

Assuming that Earvin made out a prima facie case for discrimination, CUNY has offered legitimate, non-discriminatory reasons for hiring Anthony Laperuta instead of Earvin, and Earvin has failed to show these reasons were pretextual or that discrimination was actually a motivating factor. *See Weinstock*, 224 F.3d at 42; *Renz v. Grey Adver., Inc.*, 135 F.3d 217, 221 (2d Cir.1997).

Earvin argues that he was a substantially more qualified candidate than Laperuta, who was hired for the position. He fails to raise a triable issue of material fact in this regard, however, inasmuch as CUNY has shown that his allegedly superior credentials were not relevant to the job in question, and that Laperuta, with a substantial recent history of working on the campus where the job was to be performed, had superior credentials for that particular position.

Similarly, Earvin's assertion that during his interview, he was not asked the same questions as Laperuta was regarding his statistical compilation skills would not, if proved at trial, establish pretext or that discrimination was a motivating factor in hiring another candidate. He does not provide evidence that the alleged failure to

ask those questions was an intentional departure from the questions asked Laperuta or was improperly motivated.

For the foregoing reasons and those relied upon by the district court, the judgment of the district court is hereby AFFIRMED.